PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DELETRIA C. WALTERS, | ) | |
| | ) | CASE NO. 5:14cv1980 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| PNC BANK, N.A., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

*Pro se* Plaintiff DeLetria C. Walters filed this action under 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000e against PNC Bank. In the Complaint, Plaintiff alleges she was terminated from her job at PNC after an investigation. She seeks monetary relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. ECF No. 2. That Application is granted.

### I. Background

Plaintiff's Complaint is very brief. In pertinent part, it states:

> On March 12, 2013, I, DeLetria C. Walters, was wrongfully terminated by PNC Bank due to the bias of the investigation performed. I was restricted from defending myself during the entire investigation. The statements and responses from (PNC Bank) presented were fraudulent and irrelevant to our case, unjust, and unethical.

ECF No. 1 at 1. There are no other factual allegations in the Complaint.

### II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

(5:14cv1980)

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Analysis**

Plaintiff's Complaint fails to state a claim. Principles requiring generous construction of

2

(5:14cv1980)

*pro se* pleadings are not without limits.  See *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  Plaintiff alleges very few factual allegations in her Complaint, leaving Defendant and the Court with only legal conclusions as the basis for her pleading.  Legal conclusions alone are not sufficient to present a valid claim, and the Court is not required to accept unwarranted factual inferences.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (dismissing as conclusory a § 1983 claim when Plaintiff failed to allege any facts supporting the claim).

At this stage, Plaintiff is not required to plead her discrimination claim with heightened specificity.  See *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513–14 (2002).  Nevertheless, the Supreme Court clarified that a plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "[E]ven though a complaint need not contain detailed factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true.'"  *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint does not rise above the speculative level.  The Court is left to guess at the reason for her termination and whether that reason is one of the criteria prohibited by Title

3

(5:14cv1980)

VII. Title VII is not "a general civility code for the American workplace" and prohibits discrimination only on the basis of race, religion, gender or national origin. *Burnett v. Tyco Corp.*, 203 F.3d 980, 982 (6th Cir. 2000) (quoting *Oncale v. Sundowner Offshore Services, Inc*, 523 U.S. 75, 80 (1998)). As written, Plaintiff's Complaint indicates she was fired from her employment based on the results on an investigation. That allegation does not suggest a violation of Title VII.

Finally, PNC is not subject to suit under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the defendant must be a state or local government official or employee. PNC is not a government entity; it is a private corporation. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A private party may also be considered to be a state actor if the party exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Plaintiff does not allege any facts to suggest PNC could be considered to be a state actor for purposes of §1983.

**Conclusion**

For all the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF

(5:14cv1980)

No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

    IT IS SO ORDERED.

| February 19, 2015 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.